

CV 13 3438

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RUHIM ULLAH,

                                      Plaintiff,

-against-　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

THE CITY OF NEW YORK, VINCENT CAMPO,　　　JURY TRIAL DEMANDED
ERICK ERDAIDE, COLEEN GILLIS, MATTHEW
KING, PAUL PERODIN, PENELOPE SEAMAN, and　　KORMAN, J.
MATTHEW STEINER,

                                      Defendant.

------------------------------------------------------------x

Plaintiff, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC,** complaining of the Defendants herein, respectfully shows the Court and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the Constitution of the State of New York. The Plaintiffs seek damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §1981 and §1983.

3. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b), and (c).

## PARTIES

4. Plaintiff RUHIM ULLAH at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Kings.

5. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipality entitled, created, and authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants VINCENT CAMPO, ERICK ERDAIDE, COLEEN GILLIS, MATTHEW KING, PAUL PERODIN, PENELOPE SEAMAN, and MATTHEW STEINER are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. Defendants VINCENT CAMPO, ERICK ERDAIDE, COLEEN GILLIS, MATTHEW KING, PAUL PERODIN, PENELOPE SEAMAN, and MATTHEW STEINER are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees

of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants VINCENT CAMPO, ERICK ERDAIDE, COLEEN GILLIS, MATTHEW KING, PAUL PERODIN, PENELOPE SEAMAN, and MATTHEW STEINER are sued individually.

## STATEMENT OF FACTS

8. On or about June 19, 2010, Plaintiff RUHIM ULLAH was arrested in the County of Kings by the New York City Police Department acting through their duly appointed agents, Defendants VINCENT CAMPO and ERICK ERDAIDE. He was charged with Menacing a Police Officer (NY Penal Law §120.18).

9. At the above mentioned time and place, Plaintiff was emotionally disturbed. He had apparently brandished a machete in front of his sister Akhlima Ullah and indicated he would hurt himself. His sister called the police.

10. Plaintiff and eyewitnesses submit that when the police arrived Plaintiff dropped the machete and ran. A chase ensued and Plaintiff was ultimately stopped by the police at gunpoint. Upon information and belief Police Officer Erick Erdaide then fired a single shot at Plaintiff shattering his femur bone. The injury required multiple surgeries and a metal rod implant.

11. Defendant's VINCENT CAMPO, ERICK ERDAIDE, COLEEN GILLIS, MATTHEW KING, PAUL PERODIN, PENELOPE SEAMAN, and MATTHEW STEINER then misrepresented what actually happened in their paperwork, to the district attorney, and to the

Internal Affairs Bureau. To justify the excessive force used the Defendants falsely alleged that Plaintiff menaced Defendant's CAMPO and ERDAIDE with a machete.

## AS AND FOR A FIRST CAUSE OF ACTION
(U.S.C. §1983 Deprivation of Rights)

12. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

13. By their conduct and actions in arresting, imprisoning, failing to intercede on the behalf of Plaintiff RUHIM ULLAH, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants, VINCENT CAMPO, ERICK ERDAIDE, COLEEN GILLIS, MATTHEW KING, PAUL PERODIN, PENELOPE SEAMAN, and MATTHEW STEINER, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14. As a result of the foregoing, Plaintiff suffered serious physical injury, great humiliation, costs, and expenses, and was otherwise damaged and injured.

15. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

## AS AND FOR A SECOND CAUSE OF ACTION
(Municipal and Supervisory Liability)

16. The City and the Commissioner are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents and servants and the others whose names are currently unknown.

17. The City and the Commissioner knew or should have known of their employees', agents' or servants' propensity to engage in the illegal and wrongful acts detailed above.

18. The aforesaid event was not an isolated incident. The City and the Commissioner have been aware for some time (from lawsuits, notices of claim, and complaints filed with the NYPD's Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the prerequisites to the proper use of force. The City and the Commissioner have refused to discipline officers for failure to report observed misconduct by fellow officers, and have refused to discipline officers for making false statements to disciplinary agencies. Additionally, the City and the Commissioner have completely isolated their Law Department from the discipline of police officers, so that civil suits have absolutely no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

19. The City and the Commissioner knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and the Commissioner failed to take corrective action.

20. The City and the Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

21. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

22. Defendants City of New York and the Commissioner have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove or correct the illegal and improper acts of their employees, agents, or servants in this and in similar cases involving police misconduct.

23. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City and the Commissioner.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force)

24. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25. By his actions in shooting Plaintiff, Defendant Erick Erdaide unreasonably resorted to excessive force.

26. As a result of the foregoing, Plaintiff suffered serious physical injury, great humiliation, costs, and expenses, and was otherwise damaged and injured.

**WHEREFORE,** Plaintiff demands the following relief jointly and severally against all of the Defendants.

a.  Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b.  Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).

c.  Costs and attorney's fees.

d.  Such other and further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
June 17, 2013

        Yours, etc.

        SCOTT G. CERBIN, ESQ., PLLC
        Counsel for Plaintiff

        By: Scott G. Cerbin (SC5508)
        16 Court Street, Suite 2901
        Brooklyn, New York 11241
        (718) 596-1829